******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., dissenting from the denial of the state's motion for stay of execution. I disagree with the decision of this court to deny the state's motion for a stay of execution in *State* v. *Santiago*, 318 Conn. 1, A.3d    , reconsideration denied, 319 Conn. 912, A.3d    (2015), pending the resolution of the appeal in *State* v. *Peeler*, Docket No. SC 18125 (argued July 10, 2014). Because the majority in *Santiago* resolved this appeal on bases not raised by the defendant, Eduardo Santiago, the state was deprived of fair notice and has not yet had the opportunity to address those issues. Fundamental principles of fairness dictate that the state should have a *meaningful* opportunity to present argument as to those issues. Consistent with basic principles of justice, the people of the state of Connecticut—whose interests are represented by the state—have a right to be heard after receiving proper notice of the issues that are in play, and without prejudice. This court has ordered the parties to file supplemental briefs in *Peeler* on the very issues that the state did not have the opportunity to address in *Santiago*. That order alone, however, does not guarantee the state a meaningful opportunity to present its arguments. Granting the stay in *Santiago* would ensure that the state could advance its arguments without being hampered by any suggestion that the issues have been rendered moot by the likelihood that the offenders currently on death row will have had their sentences vacated and commuted to sentences of life without the possibility of release prior to a decision in *Peeler*. Denying the state's motion for a stay, therefore, creates an unreasonable risk of a "deleterious effect . . . on the public's perception of the procedural fairness of the criminal justice system." *State* v. *Elson*, 311 Conn. 726, 740, 91 A.3d 862 (2014).

In light of the prejudice that would be suffered by the state by the likelihood that its claims will be rendered moot following the resentencing of the offenders on death row absent an appeal by the state, strict adherence to the rules of practice will work injustice. Therefore, pursuant to Practice Book §§ 60-1 and 60-2, I would grant the state's motion to stay the execution of the judgment in *Santiago*, pending the resolution of the appeal in *Peeler*. I recognize that § 60-2 (4) ordinarily authorizes only the stay of ancillary proceedings, and I do not agree with the state that the appeal in *Santiago* constitutes a proceeding that is ancillary to the appeal in *Peeler*. Because in the present matter, "strict adherence" to the rules of practice would work an injustice, however, § 60-1 not only authorizes, but *requires* this court to interpret the rules liberally to grant the stay. Denying the people of this state the opportunity to present argument on an issue as important as the one presented in these appeals, however, is inconsistent

with fundamental principles of fairness.

It is ironic that the majority anchors its decision denying the stay on the insinuation that the state has engaged in panel shopping. The very reason that the state cannot present its arguments to the *Santiago* panel is because the majority in that panel denied the state's motion for argument and reconsideration filed in that case. First, I observe that the state's willingness to submit these issues to the *Santiago* panel in and of itself should silence any speculation that the state's aim is to shop for a panel "more to its liking." Second, I note that the term panel shopping implies that a party *chooses* one panel over another—the *Santiago* majority took any such choice away from the state and now has the audacity to accuse the state of panel shopping.

Finally, I observe that it would be improper for the court to rely on this order declining to stay the execution of the judgment in *Santiago* as a shield to avoid addressing the substance of the arguments of the people of this state on the important issue of whether the death penalty violates our state constitution. The people of this state have not yet been heard on this issue, and justice demands that this court address their arguments.

Accordingly, I dissent.